SOUTHWICK, P.J.,
for the court.
¶ 1. A Franklin County jury found that beneficiary Michelle McAllister was entitled to payment of benefits under an occupational accident insurance policy. The insurer Clarendon National Insurance Company appeals. We find that the event for which coverage was sought was not an accident under the policy. We reverse and render judgment in favor of the insurer.
*780 FACTS
¶ 2. David J. McAllister worked as an independent contractor driving trucks for SCC Freightways, Inc., in the spring of 1999. One of the benefits provided Mr. McAllister was an occupational accident insurance policy underwritten by Clarendon National Insurance Company. Under the terms of the policy, the named beneficiary was due $150,000 in the event the insured suffered an accidental death. David McAllister suffered a fatal heart attack while performing his ordinary duties on May 11, 1999. McAllister’s widow, Michelle, made demand upon Clarendon for payment of benefits. Clarendon denied the claim on the basis that McAllis-ter’s death was not an accident but rather due to disease which was a specific exclusion from policy coverage.
¶ 3. Mrs. McAllister filed suit against Clarendon seeking payment under the policy. She sought only $72,500 rather than the face value because of the decedent’s pre-existing heart condition which “may have proximately contributed to his death.” A jury found in favor of Mrs. McAllister and awarded $150,000. The trial court on its own motion remitted the award to $72,500 to conform with the relief sought in the complaint.
DISCUSSION
¶ 4. Mrs. McAllister argues that her husband’s death was accidental because he was engaged in routine activity which had a violent and unforeseen result.
¶ 5. An insurance policy is a contract between the insurer and the insured. Like other contracts, insurance policies which are clear and unambiguous will be enforced according to their terms. State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co., 797 So.2d 981, 985 (Miss.2001). We give terms used in insurance policies their ordinary and popular definition. Blackledge v. Omega Ins. Co., 740 So.2d 295, 298 (Miss.1999). A contract is to be construed and enforced as written. Weeks v. Mississippi College, 749 So.2d 1082, 1087 (Miss.Ct.App.1999). We will not strain the bounds of the English language by imparting meanings to common words beyond ordinary use. Allstate Ins. Co. v. Moulton, 464 So.2d 507, 510 (Miss.1985).
¶ 6. The pertinent parts of the policy at issue are these:
“Occupational accident” meant a sudden, unforeseeable event or series of events which results in bodily injury within 72 hours of the date of the event. This event or events must meet all of the following ... The bodily injury must be the direct result of an accident and not the result of any other cause.
“Accident” means an unforeseeable event or occurrence which happens suddenly and violently.
No insurance is provided for any injury resulting from ... sickness, disease, bodily infirmity or bacterial or viral infection of any kind.
¶ 7. The policy requires a precipitating event unrelated to sickness or disease which results in bodily injury. To hold otherwise would be to distort the accepted definition of the phrase “result of’ which requires a cause from which an effect would follow. The policy does not apply to any bodily injury, but only those resulting from accidents.
¶ 8. The interpretation urged upon us by Mrs. McAllister, that a heart attack is a sudden and violent unforeseeable event and therefore an accident, would require us to hold that a heart attack is both the cause and the effect. That ignores the plain terms of the policy. The only interpretation which would benefit Mrs. McAl-lister’s claim is that her husband’s heart *781 attack in and of itself was the accident with the resulting bodily injury being death. This would strain the ordinary and accepted definition of “accident” beyond permissible boundaries. By its very nature, cardiac failure is both sudden and violent and often unforeseeable. It was not here, however, an accident.
¶ 9. The policy also denies benefits if bodily injury results from disease. Medical testimony indicated that Mr. McAllister had severe coronary artery disease although it had been unknown and undiagnosed at the time of his death. He could have suffered the fatal heart attack at any time.
¶ 10. While placing different interpretations upon the facts, both parties provided evidence that Mr. McAllister was a vigorous man and that the labors in which he was engaged at the time of his heart attack were, while strenuous, no more than that required of him on any other day.
¶ 11. Because of his coronary artery disease and his vigorous lifestyle, Mr. McAllister’s death could have occurred while engaged in any activity at any time. It was merely coincidental that the disease process from which he suffered manifested itself during working hours. Given the medical testimony, Mrs. McAllister cannot establish that the severe heart disease her husband suffered was not the sole proximate cause of his untimely death, particularly in light of the lack of any unusual precipitating factor.
¶ 12. We- have sympathy for Mrs. McAllister’s claim. Nonetheless, we cannot justify transforming an accidental injury insurance policy into an ordinary life insurance policy in contradiction of its clear terms. Whether Mr. McAllister also had life insurance is neither factually nor legally relevant in this appeal. A variety of insurance policies may exist to protect one individual and that person’s beneficiaries from a variety of events. Each policy that provides benefits when death occurs should be examined to determine whether it reasonably can be interpreted to apply to the facts supporting the claim. We find that this particular policy does not apply to this particular event.
¶ 13. We find no ambiguity in this contract for insurance, nor in the facts. As a matter of law, the cause of Mr. McAllis-ter’s death was not an accident under the policy.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF FRANKLIN COUNTY IS REVERSED AND JUDGMENT ENTERED ON BEHALF OF THE APPELLANT, CLARENDON NATIONAL INSURANCE COMPANY. THE COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.